UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF HERMITAGE CAPITAL MANAGEMENT LIMITED FOR AN ORDER SEEKING DISCOVERY PURSUANT TO 28 U.S.C. § 1782, | 19-MC-262 (JMF) |

**STIPULATION AND [PROPOSED] ORDER FOR
THE PROTECTION OF CONFIDENTIAL INFORMATION**

WHEREAS, HERMITAGE CAPITAL MANAGEMENT LIMITED ("Hermitage - Receiving Party") has served on NEW YORK BRANCH OF STANDARD CHARTERED BANK, CITIBANK, N.A., BANK OF AMERICA, N.A., WELLS FARGO BANK, N.A., JPMORGAN CHASE BANK, N.A., BNP PARIBAS NEW YORK BRANCH, and THE BANK OF NEW YORK MELLON (each, a "Producing Party," collectively, the "Producing Parties," and, together with the "Receiving Party," the "Parties") Subpoenas to Produce Documents (the "Subpoenas") as authorized by this Court's May 30, 2019 Order granting Hermitage's Application for Discovery in connection with foreign proceeding under 28 U.S.C. § 1782 ("Application");

WHEREAS, the Parties request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to maintain the confidentiality of information that the Producing Parties may produce in response to the Subpoenas;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored protective order;

IT IS HEREBY ORDERED that the Parties, including their corporate parents and subsidiaries, successors and assigns, affiliates, directors, officers, representatives, attorneys, agents,

employees, experts, consultants, or any person acting at the direction of the foregoing, shall adhere to the following terms, upon pain of contempt:

1.  With respect to information produced by the Producing Parties in response to the subpoena, any Producing Party may designate as "Confidential" pursuant to this Order such information that it reasonably and in good faith believes consists of financial information (including, but not limited to, records maintained in connection with financial transactions or financial accounts), material relating to ownership or control of any non-public company; business plans, product development information, trade secrets, documents reflecting business strategy, business agreements, or marketing plans; or any information of a personal or intimate nature regarding any individual; and to commercially sensitive information subject to protection under U.S. federal or state laws, and which has not been previously disclosed ("Confidential Material").

2.  Receiving Party may use and disclose the Confidential Material solely for defense from the Russian proceedings, as set out in the Application (ECF No 5) and May 28, 2019 Declaration (ECF No 6) (the "Russian Proceedings"). Notwithstanding this provision, any Producing Party may, by written agreement with the Receiving Party, agree to permit use and disclosure of Confidential Material it has provided and which is subject to the protective order, for additional purposes, as that Producing Party and Hermitage may agree to be appropriate.

3.  Confidential Material may be disclosed only to the following persons or entities ("Permitted Individuals"):

(a)  Receiving Party and its counsel, including any paralegal or administrative assistant assigned to work in connection with the Russian Proceedings;

(b)  Courts and government bodies in connection with Hermitage's defense of the Russian Proceedings.

2

4. The Receiving Party must take all due precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Material, including making filings containing Confidential Material under seal or redacting Confidential Material in public filings, to the extent permitted under applicable law.

5. The Receiving Party shall inform the Permitted Individuals of this Order and the confidential designation of the information and shall ensure that any Permitted Individuals controlled or employed by or on behalf of the Receiving Party comply with the terms of this Order.

6. The Producing Party will designate Confidential Material by stamping or otherwise clearly marking as "Confidential" the information in a manner that will not interfere with its legibility.

7. The inadvertent disclosure of Confidential Material shall not be deemed a waiver of the Producing Party's claim of confidentiality. If a Producing Party realizes that the discovery material was produced without the proper confidentiality designation, it may designate it by notifying counsel for Hermitage in writing. Thereafter, all persons subject to this Order will treat such information as Confidential.

8. This order shall not apply to any Confidential Material subsequent to it becoming part of the public record, or that becomes available to the Receiving Party if such source was not a Producing Party, or that is or becomes generally available to the public other than as a result of a violation of this Order, or that was already in Receiving Party's possession prior to being produced by a Producing Party.

9. The Receiving Party shall take all due precautions to prevent the unauthorized or inadvertent disclosure of Confidential Material.

10. Nothing herein shall be construed so as to prohibit the Receiving Party from disclosing Confidential Material in its possession in response to a lawful subpoena, government request, or compulsion of law. Should the Receiving Party be asked to produce any Confidential Material in its possession in response to a lawful subpoena, government request, or other compulsory process, or if it is required to produce by law or by any government agency having jurisdiction, it shall give written notice to the Producing Party as soon as reasonably possible, if permitted under the request, at least 21 days before any disclosure, unless providing such notice is not in compliance with applicable law.

11. Nothing contained in this Order shall be construed as (i) a waiver of any right to object to any discovery request or confidentiality designation, (ii) a waiver of any privilege or protection, or (iii) a ruling regarding the admissibility of any document or other evidence.

12. Upon request of the Receiving Party, the Producing Party shall indicate with particularity the reasons and grounds for confidentiality designation. The Producing Party shall retain the burden of establishing the confidential nature of discovery material.

13. If the Parties cannot reach agreement after reasonably conferring with one another on matters pertaining to this Order, counsel shall address their dispute to this Court.

14. This Order will continue to be binding upon the Parties after the termination of the litigation arising out of and in connection with the Russian Proceedings.

15. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED:**

| STANDARD CHARTERED BANK | LAW OFFICES OF JONATHAN WINER |
|---|---|
| By: *Donna K. Hill / p.p. D.P.*<br>    Donna K. Hill, Esq.<br>    Senior Legal Counsel<br>      *Counsel for Standard Chartered Bank*<br>    (646) 845-1107<br>    donna.hill@sc.com<br><br>Dated: July 28, 2020<br>         New York, New York | By: *Jonathan M. Winer*<br>    Jonathan M. Winer, Esq.<br>      *Counsel for Hermitage Capital*<br>      *Management Limited*<br>    (202) 766-9918<br>    jonathan_winer@verizon.net<br><br>Dated: July 15, 2020<br>         Washington, D.C. |
| CITIBANK, N.A. | THE BANK OF NEW YORK MELLON |
| By: *Mary Jane Lee / p.p. D.P.*<br>    Mary Jane Lee, Esq.<br>    Managing Director, General Counsel<br>      *Counsel for Citibank, N.A.*<br>    (212) 816-5755<br>    mary.jane.lee@citi.com<br><br>Dated:  July 28, 2020<br>         New York, New York | By: *Jessica Wile Rhea / p.p. D.P.*<br>    Jessica Wile Rhea, Esq.<br>      *Counsel for*<br>      *The Bank of New York Mellon*<br>    (412) 234-1508<br>    jessica.rhea@bnymellon.com<br><br>Dated: July 28, 2020<br>         Pittsburgh, Pennsylvania |
| ZEICHNER ELLMAN & KRAUSE LLP | BNP PARIBAS |
| By: *Barry J. Glickman*<br>    Barry J. Glickman, Esq.<br>      *Counsel for Bank of America, N.A. and*<br>      *Wells Fargo Bank, N.A.*<br>    (212) 223-0400<br>    bglickman@zeklaw.com<br><br>Dated:  July 28, 2020<br>         New York, New York | By: *Jessica Eiting*<br>    Jessica Eiting, Esq.<br>    Managing Director, Group Dispute Resolution<br>      *Counsel for BNP Paribas*<br>    (212) 841-2989<br>    jessica.eiting@us.bpparibas.com<br><br>Dated:  July 29, 2020<br>         New York, New York |

5

| TUCKER LEVIN PLLC | JPMORGAN CHASE N.A. |
|---|---|
| By: *(signature)* <br> Duncan P. Levin, Esq. <br> Tucker Levin, PLLC <br> *Counsel for Hermitage Capital Management Limited*: <br> (212) 330-7626 <br> dlevin@tuckerlevin.com <br><br> Dated: July 27, 2020 <br> New York, New York | By: *Lisa A. Perez* <br> Lisa A. Perez, <br> VP and Assistant General Counsel <br> *Counsel for JPMorgan Chase* <br> 480 Washington Blvd., 23rd Floor <br> Jersey City, NJ  07310 <br> lisa.a.perez@jpmorgan.com <br><br> Dated: July 28, 2020 <br> Jersey City, New Jersey |

Dated: July 31, 2020
  New York, New York

_____
JESSE M. FURMAN
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).